CHESTER L. BAILEY *vs.* SIDNEY M. WEBBER.

Waldo.    Opinion July 14, 1915.

*Contract.   Copartnership.   Damages.   Dissolution.   Evidence.   Fraudulent*
*Representations.   Recoupment.   Sale.*

In an action of assumpsit brought by one partner to recover a fractional part of
the net proceeds of debts due to the firm collected by his copartner under an
agreement of dissolution,

*Held:*

1.   That the agreement of dissolution is an entirety.
2.   That the defendant in this action therefore has the legal right to recoup any
damages sustained by him by reason of the fraudulent concealment by the
plaintiff, at the time when the agreement was made, of various items which
the plaintiff had received from the firm without the knowledge of the defendant
and had not accounted for.

On exceptions by defendant.    Exceptions sustained.

An action of assumpsit to recover a fractional part of the net pro-
ceeds of debts due the firm and collected by his copartners under an
agreement of dissolution.    Defendant pleaded the general issue with
brief statement, claiming to recoup against plaintiff damages arising
out of the contract of dissolution.    The presiding Justice ruled that
those damages could not be recouped in this action and directed the
jury to render a verdict for plaintiff.    To this ruling, defendant
excepted and his exceptions were allowed.

The case is stated in the opinion.

*H. C. Buzzell, and H. E. Bangs,* for plaintiff.

*Dunton & Morse,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J.   On March 25, 1913, the plaintiff and defendant
formed a copartnership under the name of Chester L. Bailey &
Company.   On January 7, 1914, this partnership was dissolved

by written agreement by the terms of which the plaintiff sold to the defendant all his interest in the partnership, goods and stock, for the sum of $792.50, and further was to receive three-fourteenths of the net amount realized from the debts due the firm, not exceeding $300. The defendant was to collect these debts in the name of the firm.

This suit is brought to recover the three-fourteenths of the amount so collected. The amount collected was admitted, but the defendant claimed, under his pleadings, the right to recoup the damages sustained by him by reason of the fraudulent concealment by the plaintiff at the time of making the contract of dissolution, of various items aggregating $151.69, which the plaintiff had received from the firm without the knowledge of the defendant and had not accounted for. The presiding Justice excluded this testimony and directed a verdict for the full three-fourteenths of the amount collected.

The evidence was clearly admissible. The transaction between the parties when the firm was dissolved was virtually a sale of his interest in partnership property and credits by the plaintiff and its purchase by the defendant. The price agreed upon was $792.50 for his interest in the property and three-fourteenths of the net amount collected, not exceeding $300, for his interest in the credits. The contract of sale was a unit, though for the sake of convenience a separate price was agreed upon for the visible property and the book accounts. Having received his full pay for the first the plaintiff now seeks to recover the second, but in this suit it is clear that the defendant has the right to set up by way of recoupment any damages sustained by him because of the fraud and deceit practiced by the plaintiff in making the contract itself.

It is familiar law that if a buyer of goods is induced to make a purchase by the fraudulent representations of the seller, he may abide by the contract and have the damages occasioned by the fraud deducted from the contract price. *Rogers* v. *Humphrey,* 39 Maine, 382; *Sharp* v. *Ponce,* 76 Maine, 350.

The damages claimed by the defendant here, grow out of the very contract that is the subject of litigation. They arise out of the same transaction and are therefore recoverable by way of recoupment.

*Exceptions sustained.*